IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SYED MOHAMMED IQTIDAR HAIDER,

    Plaintiff,

v.                                                    CASE NO. 1:10-cv-00176-SPM -AK

TERRY D JONES,

    Defendants.

_____/

## **O R D E R**

This matter is before the Court upon the filing of an Emergency Motion for Temporary Injunction filed by Plaintiff, who is proceeding *pro se.* (Docs. 5 and 6). The motion seeks a temporary restraining order against Terry D. Jones to prohibit him from burning a large number of Qur'ans on September 11, 2010, as he has threatened to do publicly and amidst worldwide controversy and consternation. Plaintiff claims that he and the Gainesville community at large will suffer irreparable harm if Defendant Jones is allowed to go forward with his public demonstration, and that the entry of a restraining order will serve the public interest by preserving the safety and welfare of persons "in Gainesville, Alachua County, Florida, the United States and the entire world."

Plaintiff has not served any of the named Defendants. He originally filed this cause against Jones; Craig Lowe, the Mayor of Gainesville; and Cliff Stearns, a United States Representative, wherein he sought a hearing among the parties to resolve the matter and for an order from this Court directing Representative Stearns to amend the First Amendment before September 11, 2010.

While the Court can appreciate Plaintiff's concerns and the concerns of people around the world who are watching with great interest as these events unfold in our community tomorrow, the issuance of a restraining order is an extreme remedy to be used only with the utmost caution.  Emerging Vision, Inc. v. Glachman, 2010 WL 3293346 (S.D. Fla.), *citing* Levine v. Camcoa, Ltd., 70 F.3d 1191, 1194 (11th Cir. 1995).  Strict compliance with the rules and procedures for such relief is particularly warranted when the defendants are unaware that judicial proceedings have been implemented against them.  Id., at 4.  Rule 65, Federal Rules of Civil Procedure, governing the issuance of restraining orders and injunctive relief, requires that the party seeking such relief set forth facts in a sworn affidavit or verified complaint that clearly show that immediate and irreparable injury, loss, or damage will result if the court does not grant the restraining order, and the moving party must explain his efforts to give notice to the party against whom he seeks the restraining order and explain why such notice should not be required.  Courts grant *ex parte* restraining orders in a very "narrow band of cases" "where notice to an adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing."  Glachman, supra at 4, *citing* American Can Co. v. Mansukhani, 742 F.2d 314 (7th Cir. 1984).  These facts must be set forth in a sworn affidavit or a verified complaint, that is, a complaint submitted under oath or affirmation.  Plaintiff has not submitted an affidavit with his motion nor is his complaint verified.  Further, he has not explained why he cannot locate, serve and give notice to Terry Jones.  Plaintiff's failure to meet these "stringent" threshold requirements of Rule 65 warrants denial of the motion.

*Case No: 1:10-cv-00176-SPM -AK*

Accordingly, it is

**ORDERED:**

1. That Plaintiff's Emergency Motion (doc. 5) is DENIED.

DONE AND ORDERED this 10th day of September, 2010.

      *s/ Stephan P. Mickle*
      Stephan P. Mickle
      Chief United States District Judge