IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SYED MOHAMMED IQTIDAR
HAIDER,

    Plaintiff,

v.                                                           CASE NO. 1:10-cv-00176-SPM -GRJ

TERRY D JONES,

    Defendant.

_____/

## ORDER DENYING LEAVE TO AMEND AND REPORT AND RECOMMENDATION

      Before the Court is Plaintiff's *pro se* Motion to File Proposed Third Amended Complaint (Doc. 16).  For the reasons set forth below, Plaintiff's motion to file a third amended complaint (Doc. 16) is **DENIED**.  Further, from a review of the amended complaint, it is evident that the Court lacks subject matter jurisdiction over the claim.  Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, this Court may, *sua sponte*, dismiss an action if it determines that it lacks subject matter jurisdiction.  Accordingly, it is respectfully **RECOMMENDED** that this case should be **DISMISSED**.

### I. Introduction

      Plaintiff initiated this cause of action on September 2, 2010, by filing an emergency complaint (Doc. 1), which he later amended and filed with an emergency motion for temporary restraining order on September 10, 2010.  (Docs. 5 and 6).  The only relief Plaintiff sought was to prevent Defendant Terry D. Jones from engaging in his much publicized demonstration on September 11, 2010, at which he planned to burn a large number of the Qur'an on his church property.

Plaintiff's emergency motion was denied the day it was filed because Plaintiff did not comply with the requirements of Fed. R. Civ. P. 65, in that he did not serve the motion on Jones nor did he file a supporting affidavit as the rule required. (Doc. 7). Ultimately, Jones cancelled the event. Because the pleadings filed in this action involved this one event and the only relief sought was to prevent this event, which did not occur, the Court ordered Plaintiff to show cause as to why his lawsuit should not be dismissed. (Doc. 10). Plaintiff responded to the Court's show cause order on November 17, 2010, to explain that he did not want his case dismissed. (Doc. 11).

Plaintiff then filed a motion for leave to file a second amended complaint with an attached proposed pleading. (Doc. 12). Plaintiff also filed two memoranda concerning an event Jones planned for March 20, 2011, during which Jones planned to "judge" the Qur'an in a mock trial. (Docs. 13 and 14). Neither memoranda sought any particular relief regarding this event which has now passed as well. The Court denied Plaintiff leave to file his proposed Second Amended Complaint (Doc. 12), noting that it exceeded the maximum page limit and was not filed on the standard complaint form required by this Court for *pro se* pleadings. (Doc. 15).

Plaintiff filed a motion to file his third amended complaint on April 15, 2011 (Doc. 16). Plaintiff again names Terry D. Jones as the Defendant, describing his claim as "violation of the FIRST AMENDMENT by Terry D. Jones." Plaintiff seeks relief in the form of (1) a hearing where he can "explain the First Amendment in the light of the verses of Qur'an'", (2) permission "to submit more reliefs if the court accepts explanation of The First Amendment", and (3) that the city manager, sheriff, Ed Crapo, the police chief, and the chief of Gainesville Fire present records of Dove Church

Outreach Center.  (Doc. 16).

In his statement of facts, Plaintiff alleges the following: On July 7, 2009, Dove World Outreach Center displayed a sign with the words "ISLAM IS OF THE DEVIL." The sign was later reduced in size after intervention by the Gainesville Code Enforcement Office.  Plaintiff alleges that Jones stated that Islam "is a violent and oppressive religion," Dove World Outreach Center was spreading the message of Jesus Christ, and the first sign would not be the last.  A year later, on July 5, 2010, followers of Jones protested at the Islamic Center of Gainesville, wearing t-shirts that said "Islam is of the Devil" and carrying various signs related to Islam, terrorism, and Christianity.  On July 12, 2010, Jones announced an "International Burn a Koran Day" to be held on the ninth anniversary of the September 11, 2001 terrorist attacks.  Another sign was erected on the property of the Dove World Outreach Center announcing "INTERNATIONAL BURN A KORAN DAY, 9/11/2011, 6 PM - 9 PM."  On August 3, 2010, Gainesville Mayor Craig Lowe asked the global press to ignore Jones.  Plaintiff alleges that as a result of Jones' invitations to others to participate in burning the Qur'an, illegal activities occurred, including the defacement of a sign on Dove World Outreach Center property, and the deaths of two people and injury of four others during Afghanistan protests against Jones.  On September 11, 2010, Jones announced that his church would not burn the Qur'an.

In January 2011, more signs were erected on the property of Dove World Outreach Center, including one that read "INTERNATIONAL JUDGE THE KORAN DAY MARCH 20th, 2011 6 PM" and others that read "BURN IT, DROWN IT, SHRED IT, SHOOT IT."   On February 22, 2011, Plaintiff contends that he met with the mayor to

explain the consequences of the event. On March 20, 2011, the "Qur'an was put on trial in the court of Terry Jones. He found Qur'an guilty of causing murder, rape [and] terrorism and ordered to burn it." (Doc. 16). The church subsequently burned the Qur'an, which drew international criticism. On April 21, 2011, Plaintiff "was disturbed and saddened about the innocent UN officials [and] other deaths." Finally, Plaintiff alleges that Jones threatened Muslims in America when said that Muslims are welcome in America but must obey the Constitution. (Doc. 16).

## II. Discussion

### A. Motion for leave to amend

Pursuant to Rule 15, Federal Rules of Civil Procedure, a party may amend once as a matter of course. Future amendments require leave of the court. However, courts can deny leave to amend when the amendment would be futile. Such an amendment is "futile" if it is clearly insufficient or frivolous. *See, e.g., Karpeeva v. United States Dep't of Homeland Sec. Citizenship and Immigration Services,* 2011 U.S. App. LEXIS 13197, *10-11 (11th Cir. 2011) (unpublished opinion); *Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001); Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007). As set forth below, granting leave to amend would be futile because (1) Plaintiff's claim is frivolous; and (2) Plaintiff lacks standing and therefore this Court lacks subject-matter jurisdiction over the claim.

### B. Frivolity

Frivolous claims include claims based on meritless legal theories and claims with clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 317 (1989) (applying §1915). This circuit has defined a frivolous claim as being "without arguable

merit." Harris v. Menendez, 817 F.2d 737, 739 (11th Cir.1987) (*quoting* Watson v. Ault, 525 F.2d 886, 892 (5th Cir.1976)). "Arguable means capable of being convincingly argued. An action or claim in which 'the plaintiff's realistic chances of ultimate success are slight' is not one capable of being convincingly argued." Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir.1990), *quoting* Menendez, 817 F.2d at 740 n. 5.

Plaintiff's complaint falls squarely within the definition of frivolous. Plaintiff asserts a cause of action under 28 U.S.C. § 1983 claiming merely "a violation of the First Amendment by Terry D. Jones." (Doc. 16). Plaintiff appears to allege not that his own First Amendment rights were violated, but that Jones, in the course of exercising his First Amendment rights, expressed himself in ways that Plaintiff contends are outside the scope of First Amendment protection. The First Amendment *grants* rights and cannot be invoked by a private citizen to curtail speech he finds disagreeable. Specifically, Plaintiff appears to make an argument in his statement of facts that Jones' expressive conduct incited illegal action. Plaintiff appears to be invoking the "imminent lawless action" standard whereby states cannot punish speech advocating the use of force or law unless that speech "is directed to inciting or producing imminent lawless action and is likely to incite or produce such action." *Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969). This standard is inapplicable to the current case. Plaintiff does not allege that the government infringed on an individual's speech rights.

Further, a successful §1983 action requires a plaintiff to show that he was deprived of a federal right by a person acting "under color of state law." Harvey v.

Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992)(citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)). A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state. Edwards v. Wallace Community College, 49 F.3d 1517, 1522 (11th Cir. 1995)(citing West v. Atkins, 487 U.S. 42, 48-50 (1988)). "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual." *Id.* at 1523 (citing Monroe v. Pape, 365 U.S. 167, 183-84 (1961)(*overruled on other grounds by* Monell v. Department of Social Servs., 436 U.S. 658 (1978))).

Although private individuals and entities may be held liable under §1983, such persons must be jointly engaged with state officials in the prohibited conduct to constitute acting under color of state law for purposes of the statute. Adickes v. Kress & Co., 398 U.S. 144, 152 (1970). Private action may be deemed state action for §1983 purposes only when the challenged conduct may be "fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).

To hold that private parties are acting under color of state law pursuant to 42 U.S.C. § 1983, a Plaintiff must prove one of the following three conditions: (1) that the state has coerced or significantly encouraged the parties to violate the Constitution; (2) the private parties performed a public function that was traditionally the exclusive province of the State; or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was joint participant in the enterprise. Rayburn, ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001).

Plaintiff's third amended complaint is devoid of any allegations that Jones acted pursuant to state authority or he is a "state actor" who acted under "color of state law."

Accordingly, in the absence of any facts suggesting that Jones' actions were carried out under color of state law, Plaintiff cannot proceed under § 1983. Further, in order to allege a claim under § 1983, a plaintiff must allege facts supporting a violation of Plaintiff's federal constitutional rights. The third amended complaint contains absolutely no mention that any of Plaintiff's constitutional rights were violated.

Because the flaws in Plaintiff's complaints are so numerous and so fundamental, the Court concludes that granting Plaintiff a further opportunity to amend would be futile and would simply be a further waste of scarce and valuable judicial resources.

## C. Standing

Notwithstanding Plaintiff's failure to state a cognizable claim, this Court also lacks subject matter jurisdiction to decide the case. Subject matter jurisdiction of federal courts is limited by the U.S. Constitution to "cases" and "controversies" U.S. const. Art. III, § 2. A justiciable controversy "must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life Ins. Co. of Hartford, Connecticut v. Haworth,* 300 U.S. 227, 240-41 (1937) (citations omitted). "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Standing is essentially a question of "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

Plaintiffs invoking federal court jurisdiction must show "(1) an injury in fact, meaning an injury that is concrete and particularized, and actual or imminent, (2) a causal connection between the injury and the causal conduct, and (3) a likelihood that the injury will be redressed by a favorable decision." *Tanner Adver. Group v. Fayette County,* 451 F.3d 777, 791 (11th Cir. 2006). Plaintiff's third amended complaint (Doc. 16) fails to allege any injury, actual or imminent, to the Plaintiff. Nor has he alleged the type of "case" or "controversy" necessary to invoke this Court's jurisdiction. Thus, because Plaintiff does not have standing to bring a claim the case is due to be dismissed because the Court does not have subject matter jurisdiction.[1]

### III. Conclusion

Accordingly, upon due consideration, it is:

(1) **ORDERED** that Plaintiff's Motion to File Third Proposed Amendment (Doc. 16) is **DENIED.**

(2) Respectfully **RECOMMENDED** that this case be **DISMISSED**, *sua sponte*, by the Court for lack of subject matter jurisdiction, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure and for failure to state a cause of action.

**IN CHAMBERS** at Gainesville, Florida this 15th day of July, 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[1] Lastly, to the extent that Plaintiff is attempting to bring state claims, these claims cannot be brought in federal court because there is not complete diversity of citizenship between the Plaintiff and Jones. Pursuant to 28 U.S.C. § 1332(a) there must be complete diversity among the parties in order for a federal court to have diversity jurisdiction over an action. *See, e.g., Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994). Because Plaintiff is a Florida resident and the Defendant is alleged to have a Florida residence, there is an absence of complete diversity of citizenship.

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**